IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DISCO, *Petitioner*, | : : : |
| | : CIVIL ACTION |
| v. | : NO. 11-6385 |
| | : |
| SUPERINTENDENT, SCI FAYETTE, et al., *Respondents*. | : : : |

**MEMORANDUM**

**JONES, II    J.**                                                                                      September 30, 2022

*Pro se* Petitioner Richard Disco, a prisoner in state custody serving an aggregate term of ten to twenty years' imprisonment,[1] has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (ECF No. 28.)  Petitioner seeks to reopen the judgment dismissing on the merits his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas corpus petition over which this Court lacks jurisdiction, the Motion will be dismissed.

**I.    BACKGROUND**

The procedural history and factual background of Petitioner's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge M. Faith Angell.  (ECF No. 17.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.

---

[1] The publicly available docket reflects that, following a jury trial in the Philadelphia Court of Common Pleas, Petitioner was found guilty of deviate sexual intercourse, indecent assault, endangering the welfare of a child, and corruption of a minor. *Commonwealth v. Disco*, CP-51-CR-1206261-2001 (C.P. Phila.)  He was sentenced to an aggregate prison term of 14 to 28 years. Following an appeal, he was resentenced to an aggregate term of ten to twenty years, which he is currently serving.

Following the denial of a counseled amended petition for post-conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, Petitioner filed a counseled § 2254 petition for writ of habeas corpus asserting three grounds for relief. These included: (1) the conviction was obtained in violation of Petitioner's right to counsel of choice; (2) ineffective assistance of counsel; and (3) prosecutorial misconduct. (ECF No. 1 at 6, 8, 9.)[2] Magistrate Judge Angell recommended that the § 2254 petition be denied and dismissed on the merits without an evidentiary hearing. (ECF No. 17 at 29.) She found that Petitioner had presented his right to counsel of choice claim on appeal to the Pennsylvania Superior Court, and recommended that it be dismissed on the merits.[3]

On September 25, 2012, the Court overruled Petitioner's Objections to the Report and Recommendation (which included an objection to Judge Angell's holding with respect to Petitioner's right to counsel of his choice), adopted the Report and Recommendation, and dismissed the habeas petition on its merits. (*See* Order, ECF No. 20.) Petitioner requested a certificate of appealability from the United States Court of Appeals for the Third Circuit, but that request was denied on April 12, 2013. (ECF No. 24.)

In his current Motion, Petitioner seeks relief pursuant to Rule 60(b). He claims that the decision of the United States Court of Appeals for the Third Circuit in *Randolph v. Secretary, Pennsylvania Dept. of Corr.*, 5 F.4th 362 (3d Cir. 2021) establishes that the trial court's refusal

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Petitioner does not assert 60(b) claims based on the disposition of the ineffective assistance and prosecutorial misconduct claims asserted in his original petition, and those claims are not addressed here. Magistrate Judge Angell determined that the claim involving his right to counsel of his choice was meritless since the state court's adjudication of the claim was not contrary to nor an unreasonable application of federal law. (*Id.* at 17 (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)).)

to grant him a continuance to permit him to retain counsel of his choice violated his Sixth Amendment rights, and his conviction was, therefore, obtained in error. (ECF No. 28 at 12.)

## II.   STANDARDS

### A.   Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B.   Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at

28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing designated as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the use of Rule 60(b) would be "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[4]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Gonzalez*, 545 U.S. at 531–32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed,

---

[4] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

"determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

**III.    DISCUSSION**

Pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) motion. Therefore, the threshold question before the Court is whether Petitioner's Rule 60(b) Motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. Judge Angell recommended (and the Court agreed) that Petitioner's right to counsel of choice claim be denied on the merits because the state court's resolution of the issue did not involve a contradiction of, or an unreasonable application of, federal law. (ECF No 17 at 17.) Because Petitioner is attempting to attack the Court's previous resolution of a habeas claim on the merits, his Motion is a second or successive habeas petition over which the Court lacks jurisdiction.

An appropriate order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

/s/ C. Darnell Jones, II
**C. Darnell Jones, II   J.**